RECEIVED
IN LAFAYETTE, LA.

APR 0 5 2012

TONY R. MOORE, CLERK
BY _____
           DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| **JAMES BUDDY CALDWELL** | **CIVIL ACTION NO.: 12-443** |
| **VERSUS** | **JUDGE HAIK** |
| **BRISTOL-MYERS SQUIBB** | **MAGISTRATE JUDGE HANNA** |
| **SANOFI PHARMACEUTICALS** | |
| **HOLDING PARTNERSHIP, ET AL.** | |

---

## REASONS FOR JUDGMENT

### I. Facts

On January 23, 2012, Plaintiff, James Buddy Caldwell, Attorney General on behalf of the State of Louisiana, brought suit against several defendants, including Sanofi-Aventis U.S. LLC, Sanofi-Aventis U.S. Inc., Aventis Pharmaceuticals Inc., Aventis Inc., Bristol-Myers Squibb Sanofi Pharmaceuticals Holding Partnership, Weber Parent, Michelle Lanier, and Chris Demouy in Louisiana State Court, 27th Judicial District. The suit involves the marketing of the widely prescribed drug, Plavix®, and asserts claims under the Medical Assistance Program Integrity Law and the Louisiana Unfair Trade Practices and Consumer Protection Law. After removal of this action to this Court on February 15, 2012 and assignment to undersigned, Defendants filed a Motion for Recusal on March 9, 2012 that is the basis of these reasons and Judgment.

Defendants contend that the undersigned should recuse himself because his son, Richard Haik, Jr., is an attorney at Morrow, Morrow, Ryan & Bassett (Morrow firm), which is one of the three firms representing Plaintiff. Specifically, Plaintiff's Petition identifies as counsel all other six attorneys at the Morrow firm except for Mr. Haik, Jr. Although Mr. Haik, Jr. is not a partner at the Morrow firm, Defendants nonetheless argue that a sharing of a lump sum profit from this case with Mr. Haik, Jr. would be inevitable,[1] and creating a Chinese wall for Mr. Haik, Jr. on such a major case would prove difficult, if not impossible. Under these circumstances, Defendants contend that the undersigned's impartiality would be questionable, and recusal is warranted pursuant 28 U.S.C § 455.

Conversely, Plaintiff asserts that Defendants' Motion is without merit. Plaintiff points out that the Morrow firm has previously come before this Court on several occasions, including complex cases, where Mr. Haik, Jr. has had no participation in the case. Additionally, Plaintiff argues that Mr. Haik, Jr. has not worked on the instant matter and, as a mere associate, would not

---

[1] Defendants cite a similar case brought by the Morrow firm against a pharmaceutical company that awarded $70 million in attorneys' fees to the Morrow firm.

financially benefit from the profits of this case. Nonetheless, in an effort to avoid unduly delay in this case, Plaintiff ultimately does not oppose the Motion.

Although the Court wholly disagrees with the Defendants' Motion for Recusal for the reasons asserted below, the Court hereby **GRANTS** the Motion as unopposed. However, because the Court has, and will continue to, hear cases involving the Morrow firm, the Court feels it necessary to analyze Defendants' Motion and the statutes and cases on point.

## II. Recusal Statutes

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Two such circumstances, at issue here, include when the judge or his spouse, or a person within the third degree relationship to either of them is acting as a lawyer in the proceeding or has an interest that could be substantially affected by the outcome of the proceeding. 28 U.S.C. § 455(b)(5)(ii) and (iii).

## III. Analysis

Several journals, opinions, and decisions have analyzed the recusal statutes cited above, and all stand for the proposition that recusal is not mandated when a relative of the judge is simply an associate affiliated with a law firm appearing before the judge, and thus, not mandated in the present case. For example, in 1993, seven members of the Supreme Court,[2] each with relatives employed by law firms, issued a "Statement of Recusal Policy" addressing the recurring problem of when relatives of judges are employed by a law firm representing a party in litigation before the judge. Supreme Court Statement of Recusal Policy, 114 S. Ct. (Orders Section, p. 52) (Nov. 1, 1993). The justices stated, "[t]he provision of the recusal statute  that deals specifically with a relative's involvement as a lawyer in the case requires recusal only when the covered relative is acting as a lawyer in the proceeding." *Id*. Accordingly, the justices stated that, "this provision requires **personal participation** in the representation, and **not just membership** in the representing firm." *Id*. (emphasis added).

Ostensibly, Congress limited this statute to personal participation of a relative when it could have broadened disqualification to apply to when a relative is simply affiliated with a law firm that appears before a judge. As a result, "the justices opined that Congress must not have regarded so broad a disqualification as necessary." Charles Gardner Geyh, *Judicial Disqualification: An Analysis of Federal Law*, Fed. Judicial Ctr., 69 (2d Ed. 2010).

> That, in turn, refuted categorical assertions under § 455(a) that a judge's impartiality might reasonably be questioned whenever a firm that employs one of the judge's relatives appears before him or her. And in the minds of the justices, it likewise refuted categorical claims that any lawyer--relative at the firm possessed

---

[2] Justices include William H. Rehnquist, John Paul Stevens, Antonin Scalia, Clarence Thomas, Sandra Day O'Connor, Anthony M. Kennedy, and Ruth Bader Ginsburg.

an interest in the case under § 455(b)(5)(iii) sufficient to require disqualification. The signatories to the letter nonetheless indicated that they would disqualify themselves from any case in which a relative held a partnership interest in a firm appearing before the Court. . . . *Id.*

Similarly, in 2009, the Committee on Codes of Conduct issued an advisory opinion addressing recusal "when the [judge's] relative is employed by the firm as either an associate or a non-equity partner." Guide to Judiciary Policy, 58 Op. Comm. on Codes of Conduct (2009). The Committee found that "[i]f the relative is an **associate** or non-equity partner and has **not participated** in the preparation or presentation of the case before the judge, and the relative's **compensation is in no manner dependent** upon the result of the case, recusal is **not mandated.**" *Id.* (emphasis added).

Case law furthers these assertions. In *U.S. ex rel. Weinberger v. Equifax, Inc.*, the plaintiff appealed the district judge's failure to stand recused after discovering that his son was an associate of the law firm representing the defendant. 557 F.2d 456, 463 (5th Cir. 1977). The court held that recusal was not necessary since the "district judge's son did not actively participate in the [defendant's] defense."[3] *Id.* The court reasoned:

> [The] son's law firm participating in the proceeding does not mean that he was 'acting as a lawyer in the proceeding.' That provision requires actual participation. The fears of judicial bias that might result from an offspring's active participation in a proceeding do not merit automatic disqualification of the law firm to which the relative belongs. The 'financial interest' provision might apply if the district judge's son were a partner in the firm. But his status as an associate removes that fear. His salary interest as an associate is too remote to fall under this 'financial interest' prohibition. *Id.* (citations omitted)

Accordingly, the court ultimately held that the son's interest as an associate in the law firm was too remote to require disqualification under the "reasonable man" standard of 28 U.S.C. § 455(a).[4] This case was later upheld in 2004 in *Sensley v. Albritton*, where the Fifth Circuit reiterated that "a relative's mere at-will employment relationship with an agency or law firm representing a party before the district court judge in a particular case is insufficient to require a judge to recuse himself." 385 F.3d 591, 600 (5th Cir. 2004).

Similar to the facts in *Weinberger*, Mr. Haik, Jr., here, is simply an associate at the Morrow firm, and thus, his salary interest is too remote to justify any fear of bias. Further, Mr. Haik, Jr. has had no involvement in the instant case, and will continue to have no involvement, thereby eliminating any active participation concerns. As stated in *Sensley*, Mr. Haik, Jr.'s mere at-will employment status with the Morrow firm is insufficient to require the undersigned's recusal. In addition to case law, this outcome is clearly supported by the outlined Supreme Court

---

[3] *See also, In re Kan. Pub. Employees Ret. Sys.*, 85 F.3d 1353, 1364 (8th Cir. 1996) (holding that an employment relationship between a party and a judge's child does not per se necessitate a judge's disqualification).
[4] *See, Sensely v. Albritton*, 385 F.3d 591, 600 (5th Cir. 2004).

policy and the Committee on Codes of Conduct's advisory opinion. Simply put, Mr. Haik, Jr.'s employment as an associate at only one of the firm's that represents Plaintiff in this case is insufficient to justify this Court's disqualification.

Furthermore, the Court is not persuaded by Defendants' case law in support of its position. Specifically, Defendants cite to mainly persuasive, and not mandatory, opinions, all of which are distinguishable to the facts of the instant case. For example, Defendants cite to cases involving a judge's son who participated in a case as a law clerk and a judge's son who was a partner in the firm before the judge.[5] These cases are inapplicable. In fact, the only mandatory opinion of the Fifth Circuit involves facts distinct from this case, where the Fifth Circuit adopted a per se rule requiring disqualification where a relative of the judge is a **partner** in a law firm representing a party in the case.[6] As stated, Mr. Haik, Jr. is not a partner at the Morrow firm. For these reasons, had Plaintiff opposed Defendants' Motion, the Motion would have been denied.

## V. Conclusion

The Court has reviewed the record and considered Defendants' Motion for Recusal and Plaintiff's Response to said motion. The record reveals that this Court's recusal is not mandated in this case. However, in an effort to avoid delay, Plaintiff did not oppose Defendants' Motion. For that reason alone, Defendants' Motion for Recusal is **GRANTED** as unopposed.

**THUS DONE AND SIGNED** at Lafayette, Louisiana on this 5th day of April, 2012.

HONORABLE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

---

[5] *See, e.g., Matter of Hatcher*, 150 F.3d 631, 637-38 (7th Cir. 1998); *United States v. Miell*, 2008 WL 974843, at *3 (N.D. Iowa 2008); *People v. Wilson*, 497 N.E.2d 302 (Ill. 1986).
[6] *Potashnick v. Port City Construction Co.*, 609 F.2d 1101 (5th Cir. 1980) ("When a partner in a law firm is related to a judge within the third degree, that partner will always be 'known by the judge to have an interest that could be substantially affected by the outcome' of a proceeding involving the partner's law firm.")