RECEIVED
IN LAKE CHARLES, LA
SEP - 4 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JAMES D. "BUDDY" CALDWELL, ATTORNEY GENERAL *ex rel*, STATE OF LOUISIANA | : | DOCKET NO. 2:12 CV 00443 |
| VS. | : | JUDGE MINALDI |
| BRISTOL MYERS-SQUIBB SANOFI PHARMACEUTICALS HOLDING PARTNERSHIP, ET AL | : | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Before the court is a Report and Recommendation [Doc. 30] that the Motion to Remand [Doc. 7], filed by plaintiff Attorney General James "Buddy" Caldwell, be granted. The defendants, Bristol Myers Squibb Sanofi Pharmaceuticals Holding Partnership; Sanofi-Aventis U.S., L.L.C.; Aventis Pharmaceuticals, Inc.; Bristol Myers-Squibb Co.; Weber Parent; Micelle Lanier; and Chris Demon, filed Objections to the Report and Recommendation [Doc. 34], arguing that the case should not be remanded because it falls under the Class Action Fairness Act and because the plaintiff's cause of action, while admittedly consisting only of state law claims, raises substantial questions of federal law. The plaintiff filed a Reply to the Objections [Doc. 35]. The undersigned heard oral argument on defendants' Objections on August 27, 2012 at

1

10:00 a.m. For the foregoing reasons, the Magistrate Judge's findings in the Report and Recommendation are AFFIRMED and the plaintiff's Motion to Remand is GRANTED.

## STANDARD

### I. Review of Magistrate Judge Report & Recommendation

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district court, on its own motion, may refer a pending matter to a United States Magistrate Judge for Report and Recommendation. The non-prevailing party may contest the Report and Recommendation by filing written objections specifically identifying the findings or recommendations the party would like the district judge to review. 28 U.S.C. § 636(b)(1). A district court need not consider frivolous, conclusory, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (citation omitted). The district court must then undertake a *de novo* review of any finding or recommendation to which a proper objection has been made. 28 U.S.C. § 636(b)(1).

### II. Motion to Remand for Lack of Subject Matter Jurisdiction

The party invoking the court's subject matter jurisdiction has the burden of establishing that jurisdiction exists. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998). When a lawsuit has been removed from state court, as this suit has, the removing party must bear that burden. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

"[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365–66 (5th Cir.1995) (citations omitted). "The removal statute is therefore to be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *In re Hot–Hed Inc.*, 477 F.3d 320, 323 (5th Cir.2007) (citations omitted).

## LAW & ANALYSIS

I.  **Class Action Fairness Act ("CAFA")**

CAFA, which was enacted in 2005, provides for removal of certain class actions involving parties with minimal diversity. 28 U.S.C. § 1332(d)(2). Under the statute "class action" is defined as: "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1331(d)(1)(B). CAFA also provides for the removal of certain "mass actions," which CAFA defines as any civil action, other than a class action, in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(I).

Magistrate Hanna found that CAFA jurisdiction did not exist over this lawsuit because it is neither a class action nor a mass action within the meaning of CAFA.[1] The defendants argued that he erred with respect to both findings. The undersigned finds that Magistrate Hanna was correct in finding that the case was not a class action or mass action. Looking to the petition, the plaintiff did not bring a class action, because he did not file his action "under the Federal Rule of Civil Procedure 23 or similar State statute or rule" in order to qualify it as a class action under CAFA. 28 U.S.C. § 1331(d)(1)(B). Additionally, the plaintiff did not bring a mass action, because, contrary to what defendants allege, the petition is not seeking damages for injuries to individual consumers "as a whole," but rather it focuses on funds spent by Louisiana's Medicaid

---

[1] R&R, [Doc. 30], pg. 16.

program as a result of defendants' alleged misconduct.[2] Thus, the state is the only real interest to this case because only the state will recover damages if the case succeeds, and therefore this case does not fall within the parameters of a mass action.

## II.     Federal Question Jurisdiction

A claim arises under federal law only when a federal question is presented on the face of the plaintiff's well pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). In the present case, the Attorney General has pleaded only state law claims. The defendants argue that the claims nevertheless arise under federal Medicaid law because the Attorney General will have to prove that the defendants caused the state to spend more money than it otherwise would have been obligated to spend under federal Medicaid regulations.[3]

While federal question jurisdiction is most frequently invoked by plaintiffs asserting causes of action created by federal law, state law causes of action that necessarily turn on a substantial federal question may also arise under federal law. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005). The mere presence of a federal issue in a state law claim, however, is insufficient to create federal question jurisdiction. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Rather, federal question jurisdiction is appropriate only where: (1) resolving the federal issue is necessary to the resolution of the state law claim, (2) the federal issue is actually disputed, (3) the federal issue is substantial, and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities.

---

[2] *See* Pl.'s Compl., [Doc. 1-1], ¶¶ 55-56.

[3] Def.s' Objections to R&R, [Doc. 34] pg. 5.

*Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008). Judge Hanna found that none of the *Grable* factors supported federal question jurisdiction over the present case.

The plaintiff and defendants disagree on whether federal law is necessary to the resolution of the plaintiff's claims, in particular, their claims under Medical Assistance Programs Integrity Law ("MAPIL"), La. Rev. Stat. § 46:437.1, *et seq*. Most of the parties' oral argument focused on this issue. Defendants contend that federal law is necessary in order to prove actual damages under MAPIL (which the plaintiff is seeking in this suit) because the plaintiff will have to prove to the fact finder that Louisiana could have rejected the allegedly fraudulent claims under federal Medicaid law.[4] They compare the instant case to the *In re Vioxx Products Liability Litigation*, MDL No. 1657, WL 2649513 (E.D. La. June 29, 2010), in which Judge Fallon found that the Louisiana Attorney General could not prove causation on a redhibition claim against the manufacturer of Vioxx, because federal Medicaid law would not have permitted Louisiana to refuse to provide reimbursements for Vioxx even if Louisiana had known of the drug's alleged defects. *Id.* at *21-*22. They additionally contest that federal law is actually disputed, essentially reasserting the same arguments.[5] The defendants allege that there is a substantial issue of federal law within the plaintiff's petition because, like in *Grable*, the federal question at issue is "presented [as] a nearly purely issue of law," and that this decision will potentially influence the availability of medications in all states, not just Louisiana.[6] *Empire HealthChoice Assurance Inc. v. McVeigh*, 547 U.S. 677, 700. Finally, the defendants argue that allowing

---

[4] [Doc. 34] at pg. 5. MAPIL provides that "actual damages shall equal the difference between what the medical assistance programs paid, or would have paid, and the amount that should have been paid had not a violation of this Part occurred." La. Rev. Stat. § 46:438.6(A)(2).

[5] *Id.* pg. 15.

[6] *Id.* pg. 18.

federal jurisdiction over this case will not disrupt the balance between state and federal courts, distinguishing the instant case from *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804 (1986), a case in which the Supreme Court found that because there was no federal cause of action for a violation of federal branding requirements because it would "flout, or at least undermine, congressional intent to conclude that federal courts might nevertheless exercise federal-question jurisdiction" over the claim. *Id.* at 812. The defendants contest that *Merrell Dow*'s concern that there is a lack of private cause of action is misplaced in the instant case, because this is a government enforcement action, and that the instant case will not raise the same concerns raised in *Merrell Dow,* namely that allowing this cause of action into federal court will not lead to a deluge of new federal cases.[7]

The undersigned agrees with Judge Hanna's conclusion that the instant case does not fall within the ambit of *Grable*. First, Judge Hanna was correct in finding that *Vioxx* is not controlling on this case. *Vioxx* is distinguishable because it involved a claim for redhibition. In order to establish a claim for redhibition, a plaintiff must establish that "the thing sold is absolutely useless for its intended purposes, *or that he would not have bought it had he known of the defect.*" In re Vioxx, 2010 WL 2649513 at *12 (quoting Alston v. Fleetwood Motor Homes of Indiana, 480 F.3d 695, 699 (5th Cir.2007)) (emphasis added). The Attorney General in Vioxx sought to satisfy this element of his claim by showing that if he had known of the drug's defects, he would have caused the state Medicaid program to stop reimbursing prescriptions for it. See id.

A claim for absolute damages under MAPIL requires no such showing. Rather, the Attorney General need only prove that the defendants violated the statute by causing "false or

---

[7]*Id.*, pg. 18-20.

fraudulent claims" to be made and that, as a result, the state spent money it otherwise would not have. La. Rev. Stat. § 46:438.3. The Attorney General could presumably prove the latter element by merely showing that the defendants' false or misleading advertising caused physicians to write prescriptions they would not have written had they known all of the facts, since obviously the state would not have to pay claims that were never made. As one district judge put it, "claiming that Defendants wrongfully triggered the State's obligation to pay [for a particular drug] is completely different than claiming that the State should not have such an obligation as a matter of law, despite the requirements of the federal Medicaid statute." *New Mexico v. Ortho–McNeil–Janssen Pharms., Inc.,* No. 08–0779, slip op., at 4 (D.N.M. Jan. 26, 2009). Because the defendants have failed to identify any necessary question of federal law implicated by the Attorney General's state law claims, the case is not properly removable on the grounds of federal question jurisdiction.

## CONCLUSION

For the reasons stated above, the defendants' objections to the Magistrate's Report and Recommendation are denied and the plaintiff's motion to remand shall be granted.

Lake Charles, Louisiana, this ____ day of _____ 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE